**Emmanuel HUBERT, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76750.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Judith L. Wood, Esq., Law Offices of Judith L. Wood, Human Rights Project, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Peachey, Jonathan F. Potter, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Emmanuel Hubert, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir.2006), and we deny in

part and dismiss in part the petition for review.

To the extent Hubert contends the IJ violated due process by failing to take new testimony in support of his cancellation application, following the BIA's remand for entry of a final removal order, we reject the contention because Hubert has not shown he was prejudiced. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

In the order now before us, the BIA denied Hubert's motion to remand, filed during his second appeal, on the ground that Hubert failed to submit proper documentation in support of his application for adjustment of status. Hubert subsequently filed a motion to reopen, along with the proper documentation, and the BIA denied the motion on the ground that Hubert was ineligible to adjust status because one of his convictions rendered him inadmissible under 8 U.S.C. § 1252(a)(2)(A)(i). *See* 8 U.S.C. § 1255(a)(2) (to qualify for adjustment of status alien must be admissible to the United States).

Because the BIA has now considered and rejected Hubert's application for adjustment of status on the merits, his challenge to the BIA's order denying remand is moot. We do not review the BIA's conclusion that Hubert is ineligible to adjust status because he did not file a petition for review of the BIA's order denying reopening.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.